Matter of Coughtry
2026 NY Slip Op 03498
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Joann Elizabeth Coughtry, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Joann Elizabeth Coughtry, Respondent. (Attorney Registration No. 2420479.) (Proceeding No. 1.)
In the Matter of Joann Elizabeth Coughtry, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Joann Elizabeth Coughtry, Respondent. (Attorney Registration No. 2420479.) (Proceeding No. 2.)

Decided and Entered:June 4, 2026
PM-117-26
Calendar Date: May 18, 2026
Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mcshan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Lynch, Lynch & Lynch, PLLC, Albany (Peter A. Lynch of counsel), for respondent.

[*1]
Per Curiam.
Respondent was admitted to practice by this Court in 1991 and presently maintains a solo Family Law practice in Albany County. On the basis of two client complaints, petitioner, in September 2025, alleged eight charges of professional misconduct constituting multiple Rule violations by respondent, including engaging in a conflict of interest and neglecting clients. Respondent was heard in answer to that petition and the parties filed their respective statements of undisputed/disputed facts. Respondent applied for the appointment of a Referee, but that request was held in abeyance pending the filing of a second petition of charges against respondent, which was ultimately filed in December 2025. In its second petition of charges, petitioner alleged three charges of professional misconduct stemming from respondent's representation of a client in a contempt action, wherein she purportedly failed to act with reasonable diligence in representing a client, neglected to promptly comply with the client's requests for information and failed to keep the client reasonably informed about the status of a matter. Respondent filed an answer to the second petition, but the parties now jointly move for consolidation of the two petitions and the imposition of discipline by consent.
As required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5), the parties have submitted a stipulation of facts, wherein respondent admits to a total of 10 charges of professional misconduct and the violation of 12 different Rules of Professional Misconduct and other applicable rules (see Rules of Prof Conduct [22 NYCRR] rules 1.3 [a], [b]; 1.4 [a] [1] [iii]; [3], [4]; [b]; 1.5 [f]; 1.10 [f]; 1.16 [e]; 1.18 [c]; 8.4 [d]; Rules of App Div, All Depts [22 NYCRR] § 1400.3). Respondent's affidavit contains her requisite acknowledgement that she consents to and is fully aware of the consequences of the agreed-upon discipline — in this case, censure — and consents to same freely, voluntarily and without coercion or duress (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Given this, we consider the procedural requirements attendant to a motion for discipline by consent satisfied and next consider the appropriate sanction based on the underlying conduct (see Matter of Moses, 238 AD3d 1260, 1260-1261 [3d Dept 2025]; Matter of Casertino, 227 AD3d 1266, 1267 [3d Dept 2024]).
While we acknowledge that the parties have satisfied all of the procedural requirements for motions of the type and agree to the imposition of a censure, we do not blindly accept the parties' agreed-to form of discipline, but rather must consider whether the agreed-upon sanction is commensurate with similar cases, and whether the agreed-upon sanction protects the public, maintains the honor and integrity of the profession and deters other from engaging in similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). To that end, we are concerned that [*2]the disposition offered by the parties does not adequately address the admitted misconduct, particularly in light of the aggravating factors cited by petitioner, which includes respondent's overall history of interactions with petitioner, which spans more than 30 years, addresses similar conduct at issue and includes both private discipline issued by petitioner, as well as nondisciplinary letters of education, and, most recently, advisement (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c], [i]). We are persuaded, however, by the detailed procedures respondent avers she has implemented to reduce her caseload and improve the management of her law office, and further acknowledge the various personal issues that impacted her and her practice during the relevant time (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c], [d]). Given the foregoing circumstances, we grant the parties' motion and censure respondent (see Matter of Sutton, 232 AD3d 985, 987 [3d Dept 2024]; see also Matter of Chukwu, 247 AD3d 1305 [3d Dept 2026]; Matter of D'Amico, 166 AD3d 1375 [3d Dept 2018]). As a final matter, given that we have granted the parties' joint motion and imposed the agreed-upon sanction, thereby fully resolving both petitions of charges, we need not address the portion of the joint motion seeking consolidation (see generally CPLR 602 [a]), and we likewise deem respondent's earlier request for the appointment of a Referee abandoned in light of the parties' joint motion (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [1]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.